UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY THEIDON, | ) )  ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. Action No. 15-cv-10809-LTS ) |
| | ) |
| HARVARD UNIVERSITY, and the PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) ) |
| Defendants. | ) ) ) ) |

ORDER ON PLAINTIFF'S MOTION TO COMPEL REGARDING COMPARATORS
(DOC. NO. 68)

May 18, 2016

SOROKIN, J.

Plaintiff Theidon sued Defendant Harvard alleging that Harvard denied her tenure in 2013 because she is a woman and in retaliation for certain protected conduct.  Doc. No. 1.  Plaintiff filed a motion to compel focusing solely on requiring Harvard to produce more documents regarding comparators than Harvard has agreed to produce.  The Motion raises several issues in addition to the merits of the Motion.

First, henceforth, the parties are granted leave to file a reply in support of a motion, without obtaining leave with respect to each reply, provided (a) the reply is filed no later than seven actual days (or the next day on which the Court is open if the seventh day falls on a day the Court is closed) after the filing of the opposition to the motion; and (b) the reply does not exceed five pages.  The parties should not construe this order as meaning

1

that the Court will necessarily wait the seven days to see if the moving party files a reply before ruling.  Sur-replies require leave of Court.  Regarding the pending motion to compel, the Court, reluctantly, ALLOWS the Plaintiff's motion for leave to file a reply (#81).  The parties should anticipate that in the future the Court will not permit the filing of a reply memorandum exceeding in length the original memorandum.

Second, Local Rule 37.1 requires a discovery motion to set forth each contested document request and the opposing party's response thereto.  This rule is not technical; it assists the Court in resolving motions and focuses the parties' dispute.  While rarely, but occasionally, discovery motions present disputes not aided by exact compliance with the rule's requirements, this is not such a motion.  Here the parties' dispute encompasses both whether certain categories of persons are proper comparators and also what documents ought to be produced as to a specific category. The requests and the answers are the focus of this inquiry measured against the legal theories articulated in the Complaint.

Third, on March 30, 2016, the Court extended "each" deadline in the original scheduling order (# 22) which means that each date is extended. Thus, for example, the deadline for requests for production of documents and interrogatories moved from September 14, 2015 to June 14, 2016.  Plaintiff's Amended Requests are, therefore, timely.

Ordinarily, a party cannot move to compel responses to discovery requests before the time to respond has elapsed as Plaintiff technically did here.  However, the briefing regarding the original requests sufficiently presents the parties' positions regarding the comparator buckets and the scope of the requests such that further briefing regarding the amendments, at this time, is unnecessary.  Accordingly, the Court proceeds to resolve the Motion to Compel with respect to the requests as stated in the Amended Requests.  The

Court addresses only those requests appearing in the Amended Requests appended to Plaintiff's memorandum that also fall under one of the five bucket headings discussed in its memorandum.[1]

Before turning to the specific "buckets" Plaintiff has identified in her discovery requests, the Court notes several general principles governing resolution of the Motion as well as certain considerations that guide the discovery here.  In her Complaint Plaintiff challenges a single decision, whether to grant her tenure, rendered by a single decisionmaker, the President of Harvard, (made after substantial input from numerous others) alleging that this decision violated (a) her right to be free from retaliation for certain protected activity in which she engaged and (b) her right to be free from discrimination based upon her gender. See Complaint ¶ 99.  In other words, Plaintiff does not claim that tenure was something which the law required Harvard to grant, rather, she claims that Harvard denied her tenure based upon prohibited reasons.  These allegations guide the application of the governing standard set forth in Rule 26.  In the Court's view, that Plaintiff alleges her tenure denial arose from discrimination (or retaliation), on this Complaint and the current record, does not warrant discovery of, for example, "all documents concerning or relating to the selection, comparison, evaluation and any resulting tenure documents and decision for each individual selected for  . . . [an] endowed chair."  Amended Request 17. Such discovery is overly broad, unduly burdensome, and of no or at best weak relevance

---

[1] If any aspect of the Court's decision awards Plaintiff relief that Harvard asserts was not fairly within the scope of the original requests and thus it did not have a full and fair opportunity to contest the matter given that Plaintiff filed the Motion to Compel prior to the expiration of Harvard's time to respond to the Amended Requests, it may raise that matter by motion with the Court.

to the decision rendered by the President of Harvard and challenged by the Plaintiff. Insofar as the Court denies requests below it does so for these reasons.

Bucket No. 1

Amended Request 22 is ALLOWED to the extent of candidates for tenure in the Department of Anthropology or joint appointment in that Department as well as one or more other Departments for the time period September 1, 2007 to June 30, 2014. Candidates for tenure means persons who actually commenced the tenure review process described in Harvard's opposition. For each such person Harvard shall produce the memo or documents provided to President Faust laying out the matter for her decision. These documents are to be produced on an Attorneys' Eyes Only Basis and for this lawsuit only. Unlike the material which the Court previously required Harvard to share with the Plaintiff, this material concerns other candidates, presents the type of information skilled counsel can evaluate in the context of the claims advanced in the Complaint, and contains highly sensitive information about other persons who likely will interact with Plaintiff in different capacities in the course of Plaintiff's career. The Court's decision is without prejudice to Plaintiff seeking further documents based upon her review of the documents produced. In addition, the Request is ALLOWED to the extent that Harvard shall produce a list of all tenure track candidates in the Department of Anthropology (whether solely in the Department or jointly) during this time period identifying the candidate, the candidate's gender, and the status of the candidate's tenure process, e.g., left before consideration, granted, denied, etc. In all other respects, this Request is DENIED.

Regarding Amended Request 26, Harvard shall produce documents regarding tenure track professors in the Department of Anthropology during the time period

identified in the prior request which documents reflect discouraging the tenure track candidate's prospects for tenure and which discouragement came from either a tenured professor within the Department of Anthropology or an official in the tenure decision-making chain identified by Harvard in its opposition who had involvement in the review of Plaintiff's tenure application. In all other respects, this Request is DENIED.

Amended Requests 23 and 25 are DENIED. The Court concludes that the burden and expense of these broad requests outweigh any likely benefit in terms of the central issues of the case, as described by Theidon. See Fed. R. Civ. P. 26(b)(1).

Bucket No. 2

Regarding Amended Request 17, Harvard shall produce, for the time period identified above, for persons within the Faculty of Arts and Sciences who received or had an endowed chair or fellowship, the person's name, the endowed chair or fellowship, the person's department, tenure status (e.g., left before consideration, granted, denied, not yet determined, etc.), whether the department vote for tenure was unanimous, if applicable, and whether an ad hoc committee was convened. In all other respects this request is DENIED. The term "endowed chair or fellowship" encompasses the Loeb professorships, the IAS memberships, and the Woodrow Wilson International Center for Scholars. The parties can confer regarding whether the term shall also encompass other endowed chairs or fellowships. If the parties cannot agree on the scope of this term by May 26, 2016, then they shall file a joint report in which each side may list the additional, if any, fellowships the term should include. In addition, each side may include up to two pages of argument as to why the term should or should not include the additional fellowships.

Amended Requests 27 and 28 are DENIED.

Bucket No. 3

In addition to that which Harvard agreed to produce, regarding Amended Request 44, Harvard shall produce the report cited by Theidon in her Request entitled "Faculty Development & Diversity 2011 Annual Report" and all equivalents issued from 2007 through 2014. To the extent that Theidon requests documents regarding obstacles to tenure, as in Amended Request 45, or other analyses of data regarding promotions and tenure by gender, Theidon's request is DENIED WITHOUT PREJUDICE as overbroad. In all other respects, Amended Requests 44 and 45 are DENIED.

Bucket No. 4

Amended Requests 40 and 43 are DENIED except as provided above with respect to Amended Request 17.

Bucket No. 5

Regarding Amended Request 31, Harvard shall produce the information it offered but for the time period described above. This information shall include the year of the tenure decision, the gender of the candidate, the outcome of the process, and whether the candidate received unanimous support from his or her department. In addition, to the extent, during the relevant time period, Harvard had a written policy or practice governing or guiding the creation of an Ad Hoc Committee to evaluate a tenure application, Harvard shall produce the document(s) reflecting such written policies or practices. In all other respects this Request is DENIED.

Accordingly the Motion to Compel (#68) is ALLOWED as set forth herein and OTHERWISE DENIED. Further, henceforth all motions to compel arising out of a response to a request for documents (as distinct from a complaint that the documents

actually produced do not conform to the response) or interrogatories must be filed no later than 21 days from the date of this Order or the date of receipt of the formal responses to the discovery request.

**So Ordered.**

/s/ Leo T. Sorokin
United States District Judge