UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KIMBERLY THEIDON,<br><br>Plaintiff,<br><br>v.<br><br>HARVARD UNIVERSITY, and the<br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE,<br><br>Defendants. | Civ. Action No. 15-cv-10809-LTS |

ORDER ON PLAINTIFF'S AND DEFENDANTS'
RESPECTIVE MOTIONS TO COMPEL DISCOVERY (DOCS. 83, 84)

July 15, 2016

SOROKIN, J.

On June 8, 2016, Plaintiff Kimberly Theidon filed a Motion to Compel Discovery, Doc. 84, and Defendants Harvard University, et al., also filed a Motion to Compel Discovery, Doc. 83.  Upon due consideration of the parties' memoranda of law and other filings with respect to the Motions, the Court orders that Plaintiff's Motion is DENIED and Defendants' Motion is ALLOWED IN PART and DENIED AS MOOT IN PART.

I.   Plaintiff's Motion

Plaintiff moves to compel in response to objections set forth in defendants' responses to numerous document requests served by Plaintiff.  Local Rule 37.1 requires that the

1

"memorandum [in support of a motion to compel arising out of a discovery dispute] shall state with particularity the following: . . . Each . . . request for production . . . raising an issue to be decided by the Court, and the response thereto," followed by a "statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item." Local Rule 37.1(b).  The terms of the rule are plain.  In response to Plaintiff's prior motion to compel, the Court highlighted the rule and explained its substantive importance.  Doc. 82 at 2.  The memorandum in support of the instant motion to compel fails to set forth Plaintiff's requests for production, or the responses thereto, or Plaintiff's position as to each contested issue.  Accordingly, Plaintiff's Motion to Compel (Doc. 84) is DENIED.[1]  See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002).

---

[1] Two further points bear mention.  First, the contested requests that Plaintiff served (which the Court found in Harvard's opposition to the motion) are substantially overbroad as crafted.  For example, Plaintiff seeks "[a]ll documents pertaining to the damage to Harvard's reputation from negative press coverage, in 2012-2013," as well as "[a]ll documents . . . exchanged among any person(s) in FAS [the Faculty of Arts and Sciences at Harvard] referring to 'Title IX,' 'sexual assault,' 'sexual violence,' 'sexual misconduct,' or any euphemism used to describe either [sic], during the period from September 1, 2012 to September 1, 2015."  Doc. 90 at 7, 9 (quoting RFPs 8 and 51).  No theory advanced by Plaintiff or applicable to this case remotely supports these discovery requests as written.  Second, Plaintiff's memo is not helpful in resolving the issues.  It argues, at one point, seventeen requests for production on the theory that all the requests concern on-going student activities Theidon supported and Harvard opposed.  Doc. 85 at 8.  Yet, contrary to Plaintiff's memo, some of the seventeen requests (such as RFP 51, supra) are not at all focused on on-going student activities.  At other points in the memorandum, Plaintiff argues for discovery without reference to any request for production.  See Doc. 85 at 16.  For these separate and independent reasons as well, the Court DENIES the Motion to Compel.

III.     Defendants' Motion

Defendants' Motion originally asked the Court to compel Plaintiff to produce responsive documents to RFPs 4, 25, 28, and 34.  Doc. 83 at 1.  In its opposition, Plaintiff agrees to search for and/or produce any documents responsive to RFPs 4, 25, and 34.  Doc. 87.  Accordingly, the Motion is DENIED AS MOOT as to these three requests.

Turning to RFP 28, Defendant asks for "[a]ll documents concerning any communications between you or your attorneys with any media outlet concerning the allegations of the Complaint."  Doc. 83-1 at 5.  Statements Plaintiff and her lawyers made to the media regarding the allegations of the Complaint are not privileged and are relevant, as they "'might be useful for purposes of impeachment.'"  Neuberger and Scott v. Shapiro, 196 F.R.D. 286, 287 (E.D. Pa. 2000) (quoting Hickman v. Taylor, 329 U.S. 495, 511 (1947), in which the Supreme Court held that non-privileged information in an attorney's files is discoverable).  The record shows that Plaintiff has made statements to the media, her counsel is listed as her media contact, and, contrary to Plaintiff's assertion, journalists may not have published all of the statements she made to them about this case.  See Doc. 87 at 3.  The Court finds no basis to accept Plaintiff's bare assertion that allowing discovery of these statements would "contradict[] the public policies behind Title IX."  Id.  Finally, the three cases Plaintiff cites in support of her arguments, id. at 2-4, are each wholly inapposite.  Accordingly, Defendants' Motion to Compel is ALLOWED as to RFP 28.

/s/ Leo T. Sorokin
United States District Judge