UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KIMBERLY THEIDON,

Plaintiff,

v.

HARVARD UNIVERSITY, et al.,

Defendants.

Case No. 15-cv-10809-LTS

ORDER ON PLAINTIFF'S MOTION TO COMPEL
AND DEFENDANTS' MOTION TO QUASH

September 16, 2016

SOROKIN, J.

For the reasons that follow, Plaintiff's Motion to Compel (Doc. 93) is DENIED and Defendants' Motion to Quash (Doc. 96) is ALLOWED.

## I. PLAINTIFF'S MOTION TO COMPEL

On May 18, 2016, the Court issued an Order stating that "all motions to compel . . . must be filed no later than 21 days from the date of this Order or the date of receipt of the formal responses to the discovery request." Doc. 82 at 6-7. Pursuant to that Order, on June 8, 2016, Plaintiff Kimberly Theidon filed a motion to compel (Doc. 84) and Defendants Harvard University (and various parties related to Harvard University) each filed a motion to compel (Doc. 83). On July 15, 2016, the Court denied Plaintiff's motion and allowed Defendants' motion. Doc. 92. The Court gave three "separate and

independent" reasons for denying Plaintiff's motion: (1) the motion did not comply with Local Rule 37.1(b), despite the Court's specific admonition to comply in its May 18, 2016, order; (2) Plaintiff's discovery requests were "substantially overbroad"; and (3) Plaintiff's memorandum of law in support of the motion was confusing and did not assist the Court in resolving the contested discovery issues. Doc. 92 at 1-2. On August 5, 2016, Plaintiff filed the instant Motion ("Plaintiff's Motion"). Doc. 93.

The Court denies Plaintiff's Motion for several reasons, any one of which is sufficient on its own. First, Plaintiff's Motion is, by her own statement, merely a "refil[ing]" of her previous motion to compel, Doc. 93-1 at 1, which the Court already denied. Plaintiff asserts that the Court's denial of the previous motion was without prejudice, citing page 2 of the Court's July 15, 2016, Order. Doc. 100 at 2. However, the Court did not state anywhere on page 2 of that Order that it was denying the previous motion "without prejudice." See Doc. 92 at 2. On the contrary, the Court denied Plaintiff's previous motion on both procedural grounds – i.e., because the motion failed to comply with local rules and court orders[1] – *and* on the motion's merits – i.e., because Plaintiff's discovery requests were "substantially overbroad." Id. at 1-2. The Court's adjudication of Plaintiff's previous motion upon its merits means that its denial was with prejudice. See Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 553 (1st Cir. 2005); see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001).

Second, regardless of whether the Court's denial of Plaintiff's previous motion was with prejudice, the instant Motion is untimely, as on May 18, 2016, the Court stated

[1] Plaintiff states she failed to comply with Local Rule 37.1 in her previous motion "solely in an attempt to comply with this Court's rules regarding the page limit on briefs." Doc. 93-1 at 1. The Court will simply note that Plaintiff could have filed a motion for leave to file excess pages and the Court would likely have granted it, as it did when Defendants filed such a motion. See Doc. 30.

that motions to compel were due "no later than 21 days from the date of this Order or the date of receipt of the formal responses to the discovery request."[2] Doc. 82 at 7. Plaintiff argues she "has not received responses to a majority of her discovery requests, and therefore has made a timely objection." Doc. 100 at 1-2. This is incorrect. Defendant has responded to the discovery requests – though in some cases the response is an objection. The twenty-one days runs from the date of this formal written response, a point made particularly clear by the provision, in that Order, of a separate deadline for objections arising out of the actual production of documents. Doc. 82 at 6-7. Plaintiff filed the instant motion well after the twenty-one days expired and did so without leave to file the motion late. For these reasons, under the Court's May 18, 2016, Order, the instant Motion is time-barred.

Third, if Plaintiff would like for the Court to consider the instant Motion as a motion for reconsideration – which she has not explicitly requested – the Court would deny it, as "[m]otions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures.'" United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)).

Fourth, the Court is compelled to note that Plaintiff has, in the memorandum of law in support of the instant Motion, yet again failed to comply with Local Rule 37.1. The Local Rule requires the memorandum to include a "statement of the moving party's position as to *each* contested issue . . . immediately following *each* contested item." L.R. 37.1(b) (emphases added). However, in the memorandum of law supporting the instant

[2] The Court's dismissal, even if it had been without prejudice, did not toll the deadline. Cf. Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 554 (1st Cir. 2005) (noting that involuntary dismissal of an action "made without prejudice but as a sanction does *not* toll the statute of limitations under common law and equitable principles") (citations omitted; emphasis in original).

Motion, Plaintiff argues as many as *fifteen* requests for production ("RFPs") at once. Doc. 93-1 at 7-11. These 15 RFPs range somewhat widely, from a request for "[a]ll documents concerning the . . . appointments, calendars and meetings" of the University's Title IX coordinator from March to May 2013 (RFP 64), to a request for "[a]ll documents . . . relating to" a piece in the *Harvard Crimson* newspaper published in March 2014 (RFP 72). Doc. 93-1 at 7-11. Plaintiff's failure to comply with Local Rule 37.1 and two previous Orders of the Court constitutes a separate and independent basis for denying the instant Motion. See Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002).

       Fifth, even passing over all of the foregoing, Plaintiff's discovery requests are overbroad and unduly burdensome. This case is about whether Defendants denied Plaintiff tenure because of her sex and/or her activism challenging Harvard's compliance with Title IX. To the extent that any of the 38 custodians has information discussing Plaintiff in any capacity, including with regard to her activism, Harvard's search protocol will uncover it. See Doc. 93-2. Plaintiff's search requests – e.g., for "[a]ll documents concerning or relating to the fact that during the period 2012 through 2014, Harvard was a recipient of 'Federal financial assistance,'" Doc. 93-1 at 18 – and suggestions for new search terms – e.g., "engaged," "productivity," "lack of," "theory," "overlap," "publish," Doc. 100-1 at 2-3 – are either irrelevant to the instant matter or so tangential and broad that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). For all of these reasons, Plaintiff's Motion is denied with prejudice.

## II. DEFENDANTS' MOTION TO QUASH

On July 29, 2016, Plaintiff served upon a non-party, Professor Deborah Poole of Johns Hopkins University, a subpoena requesting "[a]ll documents" from September 1, 2007, through June 30, 2014, which relate to either (1) "the application or review of any candidate for tenure at [Harvard] University" or (2) Plaintiff. Doc. 98-1 at 6.

Defendants do not object to the subpoena insofar as it requests documents relating to Plaintiff, which makes sense because Harvard faculty considered Professor Poole's analysis of Plaintiff's scholarship in deciding whether to grant Plaintiff tenure.[3] However, Defendants move to quash the subpoena's request for all documents relating to "any candidate for tenure" at Harvard. Doc. 98 at 2. Defendants argue that this request violates the Court's May 18, 2016, Order, which permitted Plaintiff to obtain the tenure dossier documents provided to Harvard President Drew Faust, who held the ultimate decision as to whether to grant tenure, regarding four other candidates for tenure in the Department of Anthropology from September 1, 2007, to June 30, 2014. Doc. 98 at 3; see also Doc. 82 at 4; Doc. 68-3 at 3. Defendants argue that Plaintiff's request for all documents relating to any candidate for tenure at Harvard violates the May 18, 2016, Order because it is not limited to the four "comparator" candidates and because it may allow Plaintiff to obtain documents that were not actually provided to President Faust. Doc. 98 at 3.

Plaintiff argues the request for all documents relating to "any candidate for tenure" at Harvard does not violate the May 18, 2016, Order, because the Order was "'without prejudice to Plaintiff seeking further documents based upon her review of the

[3] Professor Poole, as an evaluator external to Harvard, recommended Plaintiff for tenure but with reservations. Doc. 102-4 at 10-12.

documents produced'" in response to the Order. Doc. 102 at 3 (quoting Doc. 82 at 4). Plaintiff argues that, based upon her review of the documents produced, she "is well within" the Order. Id. More specifically, Plaintiff argues that, because Professor Poole sat on a tenure committee for one of the four comparator candidates who received tenure, and because Professor Poole was critical of Plaintiff, Poole's correspondence regarding that other candidate should be "compared" to her correspondence regarding Plaintiff, to see if she had "bias against" Plaintiff. Id. at 4 n.3.

The Court grants the Motion to Quash Plaintiff's request for "[a]ll documents" that Professor Poole has relating to "any candidates for tenure" at Harvard. The request is unduly broad and burdensome: it would require Professor Poole to produce any email, text message, or other document she has relating to *any* candidate for tenure at Harvard, regardless of whether that document relates to the candidate's tenure application and regardless of whether that candidate's application is suitable for comparison to Plaintiff's. There is a grave "imbalance between the need for" such documents and "the burden sought to be placed on the non-party," making the instant Motion to Quash absolutely appropriate. Cascade Yams, Inc. v. Knitting Fever, Inc., 755 F.3d 55, 59 (1st Cir. 2014) (citation omitted).

Plaintiff did not make the alternative argument that the Court ought to permit her to obtain from Professor Poole those documents Poole possesses regarding the comparators about whom the Court permitted discovery in its May 18, 2016, Order. See Doc. 82 at 4. Nonetheless, out of an abundance of caution, the Court has considered that alternative. Even so narrowed, however, the request would go far beyond the defined scope of the discovery permitted in that Order – i.e., tenure dossier documents regarding

the comparators that were *provided to* President Faust. Id. To the extent Plaintiff suggests that Professor Poole may have had some bias against her, an issue which the Court does not resolve, such bias would, on the present record, be too attenuated from the tenure decision Plaintiff challenges to warrant discovery. The over-attenuation is particularly clear in this instance, given that Professor Poole was an external evaluator who does not work at Harvard, and given that she is not alleged to have any particular views on women in the academy or on Title IX activism at Harvard, the two bases of discrimination that Plaintiff alleges against Defendants. Thus, the Motion to Quash is allowed.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 93) is DENIED and Defendants' Motion to Quash (Doc. 96) is ALLOWED.

/s/ Leo T. Sorokin
United States District Judge