# Exhibit A

to Harvard's Motion for Leave to Amend Its Answer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY THEIDON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE, et. al.<br><br>　　　　　Defendants. | CIVIL ACTION NO. 1:15-cv-10809-LTS<br><br>[PROPOSED] |

## [PROPOSED] AMENDED ANSWER TO COMPLAINT

Defendant President and Fellows of Harvard College (hereinafter "Harvard," and also known as "Harvard University," which is incorrectly named in the Complaint as a separate Defendant) hereby answers the Complaint (the "Complaint") of Plaintiff Kimberly Theidon ("Theidon") as follows.

## PRELIMINARY STATEMENT

1.　Defendant states that Paragraph 1 contains introductory material and legal allegations to which no response is necessary. To the extent that Paragraph 1 contains factual allegations to which a response is required, Defendant denies those allegations.

2.　Defendant states that Paragraph 2 contains introductory material to which no response is necessary. To the extent that Paragraph 2 contains factual allegations to which a response is required, Defendant denies those allegations.

3.　Defendant states that Paragraph 3 contains introductory material and legal allegations to which no response is necessary. To the extent that Paragraph 3 contains factual allegations to which a response is required, Defendant denies those allegations.

4.　Defendant states that Paragraph 4 contains introductory material and legal allegations to which no response is necessary.  To the extent that Paragraph 4 contains factual

allegations to which a response is required, Defendant denies those allegations.

5. Defendant states that Paragraph 5 contains introductory material and legal allegations to which no response is necessary. To the extent that Paragraph 5 contains factual allegations to which a response is required, Defendant denies those allegations.

## PARTIES

6. Defendant admits that Kimberly Theidon is an adult female resident of the Commonwealth of Massachusetts. Defendant states that the second sentence of Paragraph 6 asserts conclusions of law to which no response is required. To the extent Paragraph 6 asserts any additional factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant states that Paragraph 9 asserts conclusions of law to which no response is required.

## JURISDICTION AND VENUE

10. Defendant states that Paragraph 10 asserts conclusions of law to which no response is required.

11. Defendant states that Paragraph 11 asserts conclusions of law to which no response is required. To the extent Paragraph 11 asserts any factual allegations, Defendant denies those allegations.

12. Defendant states that Paragraph 12 asserts conclusions of law to which no response is required.

B4659858.1

**FACTS GIVING RISE TO RELIEF**

13. Defendant admits the allegations of Paragraph 13.

14. Defendant admits that Professor Mary Steedly was the only non-emerita tenured female professor in the Department of Anthropology at the time that Theidon joined the Department. Defendant otherwise denies the allegations of Paragraph 14.

15. Defendant admits that Professor Gary Urton selected Professor Steedly to chair Theidon's tenure review committee. Defendant otherwise denies the allegations of Paragraph 15.

16. Defendant admits that Theidon's first book, "Entre Prójimos," was awarded the 2006 Premio Iberoamericano Book Award, Honorable Mention, from the Latin American Studies Association. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. Defendant admits that, at the time of Theidon's promotion to Associate Professor, the Acting Chair of the Department of Anthropology sent Theidon a letter, to which she apparently refers in Paragraph 18. Harvard states that the letter speaks for itself, and Harvard otherwise denies the allegations of Paragraph 18.

19. Defendant states that the meaning of "extensively" is vague and imprecise. Therefore, Defendant denies the allegations of Paragraph 19.

20. Defendant admits that Theidon received funding from the David Rockefeller Center on Latin American Studies. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20.

21. Defendant lacks knowledge or information concerning the source of the quoted

text.  Further answering, Defendant states that promotion to Associate Professor signifies that a faculty member has, as of the date of the promotion, displayed sufficient promise and achievement to be expected to qualify for tenure at a major research institution within three to five years.

22. Defendant admits that, at the time of Theidon's promotion to Associate Professor, the Acting Chair of the Department of Anthropology sent Theidon a letter.  Harvard further states that the letter speaks for itself.

23. Defendant admits that, at the time of Theidon's promotion to Associate Professor, the Acting Chair of the Department of Anthropology sent Theidon a letter.  Harvard further states that the letter speaks for itself.

24. Defendant admits that, at the time of Theidon's promotion to Associate Professor, the Acting Chair of the Department of Anthropology sent Theidon a letter. Harvard further states that the letter speaks for itself.

25. Defendant admits that, at the time of Theidon's promotion to Associate Professor, the Acting Chair of the Department of Anthropology sent Theidon a letter. Harvard further states that the letter speaks for itself.

26. Defendant admits that, at the time of Theidon's promotion to Associate Professor, the Acting Chair of the Department of Anthropology sent Theidon a letter. Harvard further states that the letter speaks for itself.

27. Defendant admits that, at the time of Theidon's promotion to Associate Professor, the Acting Chair of the Department of Anthropology sent Theidon a letter. Harvard further states that the letter speaks for itself.

28. Defendant states that the allegations of Paragraph 28 lack sufficient particularity to permit Defendant to respond. Defendant therefore lacks knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 28.

29. Defendant denies the allegations of Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. Defendant admits that Dean Smith sent a letter dated June 11, 2010 to Theidon regarding her new salary and, further answering, states that the letter speaks for itself.

33. Defendant admits that on August 25, 2010, Dean Smith sent a letter to Theidon informing her that he was recommending her appointment as the John L. Loeb Chair Associate Professor of the Social Sciences. Defendant further states that this letter speaks for itself. Defendant otherwise denies the allegations of Paragraph 33.

34. Defendant admits that the August 25, 2010 letter from Dean Smith advised Theidon of an annual $5,000 research grant in connection with the Loeb appointment, and that a September 21, 2010 letter from Stephen Kosslyn, the Dean of Social Sciences, told Theidon that she should be "proud and encouraged" by the Loeb appointment. Defendant further responds that the letters speak for themselves and otherwise denies the remaining allegations of Paragraph 34.

35. Defendant admits that by letter dated September 21, 2010, Dean Kosslyn notified Theidon that he was making $20,000 available to her from his discretionary funds to support her research; further answering, the Defendant states that the letter speaks for itself.

36. Defendant admits that on April 8, 2011, Dean Smith sent Theidon a letter providing a supplemental salary award in the amount of $25,000 and, further answering, states that the letter from Dean Smith speaks for itself. Defendant lacks knowledge or information sufficient to form

a belief as to the truth of the remaining allegations of Paragraph 36.

37. Defendant denies the allegations of Paragraph 37.

38. Defendant admits that Theidon met with Dean Kosslyn in June 2010 and Senior Vice Provost Singer on August 30, 2010 regarding Theidon's concerns about the Department of Anthropology's mentorship of female tenure-track faculty members. Defendant otherwise denies the allegations of Paragraph 38.

39. Defendant admits that in the August 2010 meeting Theidon shared concerns about her own prospects for tenure as well as concerns more generally about the Department's support and mentorship of junior faculty, including female faculty members. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39.

40. Defendant admits that the Visiting Committee prepared a report concerning the Anthropology Department and states that the report of the Visiting Committee speaks for itself. Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the third sentence of paragraph 40, and Defendant denies the remaining allegations of paragraph 40.

41. Defendant admits that Theidon met with Banaji but denies the remaining allegations of Paragraph 41.

42. Defendant admits that women held less than 25% of tenured positions in FAS. Defendant otherwise denies the allegations of Paragraph 42.

43. Defendant states that in her meeting with Kosslyn and Singer, Theidon did indicate that she was told that she could not limit enrollment in a course. Further answering, Defendant states that the remaining allegations fail to specify Theidon's concerns with sufficient particularity

B4659858.1

to permit Defendant to respond. Defendant therefore denies the remaining allegations of Paragraph 43.

44. Defendant admits that Theidon expressed concerns to Senior Vice Provost Singer about the Department of Anthropology's mentorship of female tenure-track faculty members but states that the allegations otherwise fail to specify Theidon's concerns with sufficient particularity to permit Defendant to respond. Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant admits that Theidon received a pay increase in 2012 and further states that the allegations of Paragraph 46 lack sufficient particularity to permit Defendant to respond. Defendant therefore denies the remaining allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51.

52. Defendant denies the allegations of Paragraph 52.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 55.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56.

57. Defendant denies the allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61.

62. Defendant denies the allegations of Paragraph 62.

63. Defendant denies the allegations of Paragraph 63.

64. Defendant denies the allegations of Paragraph 64.

65. Defendant admits that on March 7, 2013, a student article in relation to sexual assaults was published in the Harvard Crimson. That article speaks for itself. Defendant denies the remaining allegations of Paragraph 65.

66. Defendant states that the allegations of Paragraph 66 are not sufficiently understandable to permit a response; Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66.

67. Defendant states that the comments speak for themselves.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68.

69. Defendant admits that Theidon posted comments on the Crimson website; Defendant further states that Theidon's comments speak for themselves.

70. Defendant admits that Theidon posted comments on the Crimson website; Defendant further states that Theidon's comments speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 70.

71. Defendant denies the allegations of Paragraph 71.

72. Defendant denies the allegations of Paragraph 72.

73. Defendant denies the allegations of Paragraph 73.

74. Defendant denies the allegations of Paragraph 74.

75. Defendant denies the allegations of Paragraph 75.

76. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

77. Defendant denies the allegations of Paragraph 77.

78. Defendant denies the allegations of Paragraph 78.

79. Defendant denies the allegations of Paragraph 79.

80. Defendant denies the allegations of Paragraph 80.

81. Defendant denies the allegations of Paragraph 81.

82. Defendant denies the allegations of Paragraph 82.

83. Defendant denies the allegations of Paragraph 83.

84. Defendant states that the allegations of Paragraph lack sufficient particularity to permit Defendant to respond. Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86.

87. Defendant denies the allegations of Paragraph 87.

88. Defendant denies the allegations of Paragraph 88.

89. Defendant denies the allegations of Paragraph 89.

90. Defendant admits that an *ad hoc* committee was convened and that the decision to convene an *ad hoc* committee, as well as the selection of the *ad hoc* committee members was made after March 7, 2013. Defendant otherwise denies the allegations of Paragraph 90.

91. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91.

92. Defendant denies the allegations of Paragraph 92.

93. Defendant denies the allegations of Paragraph 93.

94. Defendant denies the allegations of Paragraph 94.

95. Defendant denies the allegations of Paragraph 95.

96. Defendant denies the allegations of Paragraph 96.

97. Defendant admits that Vice Provost Singer serves as an ex officio member of *ad hoc* committees, but denies the remaining allegations of Paragraph 97.

98. Defendant denies the allegations of Paragraph 98.

99. Defendant denies the allegations of Paragraph 99.

100. Defendant denies the allegations of Paragraph 100.

101. Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 101.

102.　　Defendant admits that on June 26, 2014, Harvard's Mortgage and Educational Loan Office sent Theidon a letter and further states that that letter speaks for itself.

103.　　Defendant admits the allegations of Paragraph 103.

104.　　Defendant admits the allegations of Paragraph 104.

105.　　Defendant denies the allegations of Paragraph 105.

106.　　Defendant denies the allegations of Paragraph 106.

107.　　Defendant denies the allegations of Paragraph 107.

108.　　Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108.

109.　　Defendant states that, as a matter of policy, and in keeping with the confidentiality of the tenure process, Defendant does not provide faculty members denied tenure particularized documents or reasons for that denial. Harvard states that its FAS Tenure-Track Handbook describes the tenure process and the criteria for awarding tenure and therefore denies the allegations of Paragraph 109.

110.　　Defendant admits that, in keeping with the confidentiality of the tenure process, it has not permitted Theidon to see records of the Department vote, any individual confidential departmental letters, the Department's case report, any external letters, the names and identities of the members of the *ad hoc* committee, or tenure files of other faculty members. Defendant otherwise denies the allegations of Paragraph 110.

111.　　Defendant admits that Theidon had two published books, the first in Spanish and the second, "Intimate Enemies" in English and that she had informed members of her department that she had a third project on Colombia under contract with the University of Pennsylvania Press.

Defendant otherwise denies the allegations of Paragraph 111.

112. Defendant denies the allegations of Paragraph 112.

113. Defendant admits that in March 2014, Theidon filed a MCAD charge. Defendant states that Theidon's filing with the Massachusetts Commission Against Discrimination speaks for itself. Further answering, Defendant states that the timeliness of the charge is a legal allegation to which no response is required.

114. Defendant admits that, on or about April 2014, a male professor in the Archaeology program of the Anthropology Department was granted tenure without an *ad hoc* committee review process. The allegation that the professor was "young" is an expression of opinion to which no response is required.

115. Defendant denies the allegations of Paragraph 115.

116. Defendant denies the allegations of Paragraph 116.

117. Defendant admits that, in 2008, Harvard sent Theidon a letter containing the quoted language. Defendant further states that the letter from which Theidon quotes speaks for itself.

118. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118.

119. Defendant admits the allegations of Paragraph 119.

120. Defendant admits sending Theidon a letter containing the advice referred to. Defendant further states that the letter speaks for itself.

121. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121.

122. Defendant denies the allegations of Paragraph 122.

123. Defendant lacks knowledge or information sufficient to form a belief as to the truth

B4659858.1

of the allegations of Paragraph 123.

124. Defendant admits that if an associate professor within the Faculty of Arts and Sciences (FAS) is awarded tenure by the President, then FAS will offer the candidate a tenured appointment. Defendant denies the remaining allegations of this paragraph.

125. Defendant denies the allegations of Paragraph 125.

126. Defendant denies the allegations of Paragraph 126.

127. Defendant denies the allegations of Paragraph 127.

128. Defendant admits that in 2013, Senior Vice Provost Singer's responsibilities included responsibilities for recruiting and promotions. Defendant otherwise denies the allegations of Paragraph 128.

129. Defendant admits that Singer served as an *ex officio* member of every *ad hoc* committee, but otherwise denies the allegations of Paragraph 129.

130. Defendant admits that in 2013, Singer chaired the Provost's Review Committee on Faculty Appointments and that she had responsibilities relating to appointment of scholars and increasing the faculty's diversity.

131. Defendant admits that in 2010 Harvard published a document entitled "Faculty Job Codes and Tenure/Ladder Status" and states that the referenced document speaks for itself. Defendant otherwise denies the allegations of Paragraph 131.

132. Defendant admits that in 2010 it published a document entitled "Faculty Job Codes and Tenure/Ladder Status" and states that the referenced document speaks for itself.

133. Defendant denies the allegations of Paragraph 133.

134. Defendant admits that all FAS Associate Professors are given Code 152. Defendant otherwise denies the allegations of Paragraph 134.

135. Defendant denies the allegations of Paragraph 135.

136. Defendant denies the allegations of Paragraph 136.

137. Defendant denies the allegations of Paragraph 137.

138. Defendant denies the allegations of Paragraph 138.

## COUNT I
**(Retaliation in Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq., and 34 C.F.R. §100.7)**

139. Defendant repeats its responses to Paragraphs 1-138.

140. Defendant states that Paragraph 140 asserts conclusions of law to which no response is required. To the extent Paragraph 140 asserts any factual allegations, Defendant denies those allegations.

141. Defendant states that Paragraph 141 asserts conclusions of law to which no response is required. To the extent Paragraph 141 asserts any factual allegations, Defendant denies those allegations.

142. Defendant states that Paragraph 142 asserts conclusions of law to which no response is required. To the extent Paragraph 142 asserts any factual allegations, Defendant denies those allegations.

143. Defendant states that Paragraph 143 asserts conclusions of law to which no response is required. To the extent Paragraph 143 asserts any factual allegations, Defendant denies those allegations.

144. Defendant states that Paragraph 144 asserts conclusions of law to which no response is required. To the extent Paragraph 144 asserts any factual allegations, Defendant denies those allegations.

145. Defendant states that Paragraph 145 asserts conclusions of law to which no

response is required. To the extent Paragraph 145 asserts any factual allegations, Defendant denies those allegations.

146. Defendant states that Paragraph 146 asserts conclusions of law to which no response is required. To the extent Paragraph 146 asserts any factual allegations, Defendant denies those allegations.

147. Defendant states that Paragraph 147 asserts conclusions of law to which no response is required. To the extent Paragraph 147 asserts any factual allegations, Defendant denies those allegations.

148. Defendant states that Paragraph 148 asserts conclusions of law to which no response is required. To the extent Paragraph 148 asserts any factual allegations, Defendant denies those allegations.

149. Defendant states that Paragraph 149 asserts conclusions of law to which no response is required. To the extent Paragraph 149 asserts any factual allegations, Defendant denies those allegations.

150. Defendant states that Paragraph 150 asserts conclusions of law to which no response is required. To the extent Paragraph 150 asserts any factual allegations, Defendant denies those allegations.

**COUNT II**
**(Sex Discrimination in Violation of Title VII of the Civil Rights Act)**

151. Defendant repeats its responses to Paragraphs 1-138.

152. Defendant states that Paragraph 152 asserts conclusions of law to which no response is required. To the extent Paragraph 152 asserts any factual allegations, Defendant denies those allegations.

153. Defendant states that Paragraph 153 asserts conclusions of law to which no

response is required. To the extent Paragraph 153 asserts any factual allegations, Defendant denies those allegations.

154. Defendant states that Paragraph 154 asserts conclusions of law to which no response is required. To the extent Paragraph 154 asserts any factual allegations, Defendant denies those allegations.

## COUNT III
### (Sex Discrimination in Violation of Massachusetts G.L. c. 151B)

155. Defendant repeats its responses to Paragraphs 1-138.

156. Defendant states that Paragraph 156 asserts conclusions of law to which no response is required. To the extent Paragraph 156 asserts any factual allegations, Defendant denies those allegations.

157. Defendant states that Paragraph 157 asserts conclusions of law to which no response is required. To the extent Paragraph 157 asserts any factual allegations, Defendant denies those allegations.

158. Defendant states that Paragraph 158 asserts conclusions of law to which no response is required. To the extent Paragraph 158 asserts any factual allegations, Defendant denies those allegations.

## COUNT IV
### (Retaliation in Violation of Massachusetts G.L. c. 151B)

159. Defendant repeats its responses to Paragraphs 1-138.

160. Defendant states that Paragraph 160 asserts conclusions of law to which no response is required. To the extent Paragraph 160 asserts any factual allegations, Defendant denies those allegations.

161. Defendant states that Paragraph 161 asserts conclusions of law to which no

response is required. To the extent Paragraph 161 asserts any factual allegations, Defendant denies those allegations.

162. Defendant states that Paragraph 162 asserts conclusions of law to which no response is required. To the extent Paragraph 162 asserts any factual allegations, Defendant denies those allegations.

163. Defendant states that Paragraph 163 asserts conclusions of law to which no response is required. To the extent Paragraph 163 asserts any factual allegations, Defendant denies those allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief set forth in her Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's Complaint fails to allege a *prima facie* case of unlawful discrimination and/or unlawful retaliation under state or federal law.

### Third Affirmative Defense

Defendant's actions, if any, were for legitimate, non-discriminatory and/or non-retaliatory reasons.

### Fourth Affirmative Defense

Plaintiff has failed to fulfill her obligations to mitigate damages and consequently is barred from any recovery hereunder.

Fifth Affirmative Defense

Defendant is not liable for any alleged conduct by persons for whom they are not legally responsible.

Sixth Affirmative Defense

The claims in Plaintiff's Complaint, or any of them, are barred in whole or in part by the doctrine of laches.

Seventh Affirmative Defense

Defendant, at all times pertinent, acted reasonably and in good faith toward Plaintiff.

Eighth Affirmative Defense

The claims in Plaintiff's Complaint, or any of them, are barred in whole or in part by the statute of limitations.

Ninth Affirmative Defense

The claims in Plaintiff's Complaint, or any of them, are barred in whole or in part by Plaintiff's failure to satisfy administrative prerequisites

Tenth Affirmative Defense

To the extent Plaintiff alleges damages for personal injury, such claims are barred by the exclusivity provision of the worker's compensation law.

Eleventh Affirmative Defense

The claims in Plaintiff's Complaint, or any of them, and the equitable relief Plaintiff seeks are barred in whole or in part by Plaintiff's own misconduct and unclean hands.

Twelfth Affirmative Defense

The claims in Plaintiff's Complaint, or any of them, and the equitable relief Plaintiff seeks are barred in whole or in part by Plaintiff's own misconduct and the doctrine of after-

acquired evidence.

                                      PRESIDENT AND FELLOWS OF HARVARD COLLEGE

                                      By its attorneys,

                                      */s/ Jennifer A. Kirby*
                                      Martin F. Murphy, BBO 363250
                                      Jennifer A. Kirby, BBO 678885
                                      Foley Hoag LLP
                                      155 Seaport Boulevard
                                      Boston, Massachusetts  02210-2600
                                      617-832-1000
                                      mmurphy@foleyhoag.com
                                      jkirby@foleyhoag.com

Dated: March 22, 2017

## Certificate of Service

     I, Jennifer A. Kirby, certify that on March 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to Plaintiff's counsel of record.

                                                            */s/Jennifer A. Kirby*

B4659858.1