# Exhibit D

to Harvard's Motion for Leave to Amend Its Answer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KIMBERLY THEIDON,
Plaintiff,

v.

HARVARD UNIVERSITY, and the
PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,
Defendant.

Civil Action No. 1:15-cv-10809-LTS

**PLAINTIFF KIMBERLY THEIDON'S RESPONSES TO
DEFENDANT HARVARD UNIVERSITY'S FIRST REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** All documents concerning your application or request that you be considered for tenure at Harvard.

**RESPONSE:** Plaintiff objects to Request No. 1 to the extent that it seeks production of documents within Defendant's possession, custody, or control. Without waiving this objection, Plaintiff responds as follows: Subject to an entered Protective Order, Plaintiff will produce non-privileged, responsive documents regarding her application and request for tenure at Harvard.

**REQUEST NO. 2:** All documents concerning your tenure review process at Harvard, including but not limited to documents obtained by, created by, or provided to you during the tenure review process.

**RESPONSE:** Plaintiff objects to Request No. 2 to the extent that it seeks information within Defendant's possession, custody, or control. Without waiving this objection, Plaintiff responds as follows: Subject to an entered Protective Order, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 3:** All documents concerning Harvard's decision to deny you tenure, including but not limited to communications with the Department Chair referenced in Paragraph 99 of the Complaint and/or communications with Harvard Faculty and/or Administration.

**RESPONSE:** Plaintiff objects to Request No. 3 to the extent that it seeks information within Defendant's possession, custody, or control. Without waiving this objection, Plaintiff responds as follows: Subject to an entered Protective Order, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 4:** All documents concerning your knowledge or understanding of the use of Ad Hoc Committees in tenure review processes at Harvard.

**RESPONSE:** Plaintiff objects to Request No. 4 on the grounds that it seeks information within Defendant's possession, custody, or control.

**REQUEST NO. 5:** All documents concerning the Ad Hoc Committee convened in your tenure review, including but not limited to any efforts by you to learn the identities of the Ad Hoc Committee members.

**RESPONSE:** Plaintiff objects to Request No. 5 to the extent that it seeks information within Defendant's possession, custody, or control. Without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 6:** All documents concerning any feedback, positive or negative, from Harvard Faculty or Harvard Administration concerning your research, publications, and teaching between 2008 and May 2013.

**RESPONSE:** Plaintiff objects to Request No. 6 to the extent that it seeks information within Defendant's possession, custody, or control. Without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 7:** All documents concerning communications between you and any and all scholars you proposed as external letter writers for your tenure review process and your research, teaching, and publications or other scholarly work.

**RESPONSE:** Plaintiff objects to Request No. 7 as it is overly broad in time, seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff produces information responsive to Request No. 7 only within the relevant period of time, from when she first began working at Harvard in 2004, to the filing of her Complaint in this matter, March 12, 2015. Without waiving this objection, Plaintiff responds as follows: Subject to an entered Protective Order, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 8:** All documents concerning any efforts by you to learn the identities of any of the external letter writers from your tenure review process.

**RESPONSE:** Plaintiff objects to Request No. 8 as it seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. This request is also duplicative of Request No. 5.

**REQUEST NO. 9:** All documents concerning the Visiting Committee to the Department of Anthropology and/or the "investigation, initiated by Harvard Deans and Department Chairs, concerning barriers to advancement to women."

**RESPONSE:** Plaintiff objects to Request No. 9 to the extent that it seeks information within Defendant's possession, custody, or control. Without waiving the objection, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 10:** All documents concerning the June 2010 meeting between you and former Dean Stephen Kosslyn referenced in Paragraph 38 of the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 10 on the grounds that it seeks information within Defendant's possession, custody, or control. Without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 11:** All documents concerning the August 2010 meeting with you, Vice Provost Judith Singer and former Dean Stephen Kosslyn referenced in Paragraphs 38-39 and 95 of the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 11 on the grounds that it seeks information within Defendant's possession, custody, or control. Without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 12:** All documents concerning communications between you and Judith Singer, including but not limited to documents concerning the June 10, 2013 meeting with Vice Provost Singer referenced in Paragraphs 104-107.

**RESPONSE:** Plaintiff objects to Request No. 12 as it is overly broad in scope and time, seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects further to the extent that it seeks information within Defendant's possession, custody, or control. Without waiving these objections, Plaintiff responds as follows: Without waiving these objections, Plaintiff will produce responsive documents.

**REQUEST NO. 13:** All documents concerning the Harvard Crimson article dated March 7, 2013 referenced in Paragraph 65 of the Complaint, including all documents concerning any comments made by you to the article.

**RESPONSE:** Plaintiff objects to Request No. 13 to the extent that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and

without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 14:** All documents concerning your alleged protected activity under Title IX of the Education Amendments of 1972.

**RESPONSE:** Plaintiff objects to Request No. 14 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Subject to an entered Protective Order, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 15:** All documents concerning any student complaints involving sexual assault, harassment, or discrimination within Harvard University.

**RESPONSE:** Plaintiff objects to Request No. 15 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Subject to an entered Protective Order and subject to and without waiving this objection, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 16:** All documents concerning communications between you and current or former students or employees concerning allegations of sexual assault, harassment or discrimination at Harvard.

**RESPONSE:** Plaintiff objects to Request No. 16 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 17:** All documents concerning requests by students to distribute literature or pamphlets in your Harvard classroom.

**RESPONSE:** Plaintiff objects to Request No. 17 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 18:** All documents concerning any communications between you and Harvard Faculty or Harvard Administration concerning allegations of sexual assault, harassment or discrimination at Harvard.

**RESPONSE:** Plaintiff objects to Request No. 18 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 19:** All documents concerning your office space and the subject matter of the allegations in Paragraph 64 of the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 19 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 20:** All documents concerning your claim that you were told to be a dutiful daughter.

**RESPONSE:** Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 21:** All documents concerning any complaints made by you concerning Mary Steedly.

**RESPONSE:** Plaintiff objects to Request No. 21 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 22:** All documents concerning your communications with Jorge Dominguez concerning the tenure process.

**RESPONSE:** Plaintiff objects to Request No. 22 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents

**REQUEST NO. 23:** All documents concerning communications between you and Harvard Faculty or Harvard Administration concerning alleged tenure obstacles.

**RESPONSE:** Plaintiff objects to Request No. 23 on the grounds that it seeks information within Defendant's possession, custody, or control. Subject to an entered Protective Order, and without waiving this objection, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 24:** All documents concerning inquiries or offers of employment by universities or organizations other than Harvard from 2005 to the present.

**RESPONSE:** Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 25:** All documents concerning your effort to seek employment at universities or organizations other than Harvard from 2005 to the present.

**RESPONSE:** Plaintiff objects to Request No. 25 as it is overly broad in time, seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will produce information responsive to Request No. 22 only within the relevant period of time, from May 28, 2013 to present. Without waiving the objection, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 26:** All documents concerning your application for tenure with Tufts University.

**RESPONSE:** Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 27:** All documents concerning your employment with Tufts, including any offer letter, appointments, and salary information.

**RESPONSE:** Plaintiff objects to Request No. 27 as it is overly broad and seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff will produce information responsive to Request No. 27 to the extent that it relates to mitigation of her damages. Without waiving the objection, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 28:** All documents concerning any communications between you or your attorneys with any media outlet concerning the allegations of the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 28 on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 29:** All documents concerning any communications between you or your attorneys and third parties (including but not limited to colleagues, former colleagues, other academics and anthropologists) relating to the allegations of the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 29 to the extent that it seeks information protected by attorney client privilege and attorney work product doctrine. It also is not reasonably calculated to lead to the discovery of admissible evidence. This request is also duplicative of other requests, including requests 1 through 3.

**REQUEST NO. 30:** All documents concerning communications with any scholar regarding your tenure application or tenure denial.

**RESPONSE:** This request is duplicative of requests 1 and 3.

**REQUEST NO. 31:** All documents concerning any reviews of your published works.

**RESPONSE:** Plaintiff objects to Request No. 31 to the extent that that it seeks information within Defendant's possession, custody, or control. Without waiving this objection, Plaintiff responds as follows: Plaintiff will produce responsive documents.

**REQUEST NO. 32:** All documents concerning any efforts you took to publish any books or articles, including copies of any proposals, outlines, drafts or manuscripts you submitted.

**RESPONSE:** Plaintiff objects to Request No. 32 to the extent that that it seeks information within Defendant's possession, custody, or control. Plaintiff objects further that Request No. 32 is overly broad and seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff responds as follows: Plaintiff will produce responsive documents.

**REQUEST NO. 33:** All documents concerning the publication of your manuscript, *Intimate Enemies*.

**RESPONSE:** Plaintiff objects to Request No. 33 as it is overly broad and seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Plaintiff responds as follows: Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 34:** All documents concerning any claim, charge, or complaint you filed against a prior employer.

**RESPONSE:** Plaintiff objects to Request No. 34 as it seeks information that is not relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 35:** All documents concerning your allegations of damages suffered.

**RESPONSE:** Plaintiff objects to Request No. 35 on the grounds that it is vague. Subject to an entered Protective Order, Plaintiff will produce non-privileged, responsive documents.

**REQUEST NO. 36:** All documents you intend to or may use at trial or any evidentiary hearing.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks information protected by the attorney work product doctrine. Plaintiff Theidon has not yet determined trial or hearing exhibits and will identify such documents in accordance with the Scheduling Order in this matter.

**REQUEST NO. 37:** All documents identified in or relied upon in response to any interrogatory.

**RESPONSE:** Plaintiff objects to Request No. 37 on the grounds that it seeks information protected by attorney client privilege and attorney work product doctrine.

**REQUEST NO. 38:** All documents that you intend to or may provide, or have provided, to any person whom you may call to give expert testimony in connection with this matter, either for trial or in connection with any pre-trial motion or matter.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks information protected by the attorney work product doctrine and attorney client privilege. Without waiving the objection, Plaintiff will produce non-privileged, responsive documents in accordance with the Scheduling Order and Court rules in this matter.

**REQUEST NO. 39:** All documents relied upon in drafting the Complaint.

**RESPONSE:** Plaintiff objects to this request to the extent it seeks information protected by the attorney work product doctrine and attorney client privilege.

Date: November 6, 2015

Respectfully Submitted,

ELIZABETH A RODGERS, P.C.

Elizabeth A. Rodgers
Mass. Bar No. 424360
111 Devonshire Street
Boston, MA 02109
Tel: 617- 742-7010
Fax: 617- 742-7225
Home Office: 857-928-4033
erodgers@theemploymentlawyers.com

GORDON LAW GROUP, LLP

Philip J. Gordon
Mass. Bar No. 630989
585 Boylston Street
Boston, MA 02116
Tel: 617-536-1800
Fax: 617-536-1802
pgordon@gordonllp.com

11

CORREIA & PUTH, PLLC

*Linda M. Correia/Zak*

Linda M. Correia
Mass. Bar No. 558810
1775 K Street, NW, Suite 600
Washington, D.C. 20006
Tel: 202-602-6500
Fax: 202- 602-6501
lcorreia@correiaputh.com

*Counsel for Plaintiff Theidon*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November 2015, a true and accurate copy of the foregoing Plaintiff Kimberly Theidon's Responses to Defendant Harvard University's First Requests for Production was sent via First-Class mail and electronic mail to:

Martin F. Murphy
Robert A. Fisher
Jennifer A. Kirby
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
RFisher@foleyhoag.com
MMurphy@foleyhoag.com
JKirby@foleyhoag.com

*Linda M. Correia / LAK*
Linda M. Correia